QUALITY MASONS, INC., a Hawaii corporation, Lienor-Appellant, *v.* GORDON ICHIRO TOMITA and RUTH MIYOKO TOMITA, Fee Owners-Appellees, and BC ASSOCIATES, LTD., a Hawaii corporation, Contractor-Appellee

NO. 7000

APRIL 8, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from an order denying an application for mechanic's and materialman's lien. Appellant was a subcontractor and claimed a lien in the amount of $9,800 for work done. The general contractor claimed that the work done was deficient and that the costs of correction exceeded the lien amount. The owner of the property also claimed that the work of the subcontractor-appellant was deficient but in his moving papers did not put a dollar amount on the cost of correction.

At the hearing on the application for the lien, a principal of the appellant testified. Thereafter, an engineer retained by the contractor testified ostensibly out of order. At the close of his testimony, it was stipulated that the owner was the owner of the property and counsel for the owner-appellee moved to dismiss the application. The court granted the motion.

Thereafter, appellant moved for a rehearing. At the hearing on the motion for a rehearing, it became apparent that the court below believed that the evidence adduced showed that the alleged set-off arising out of the defects in appellant's work exceeded the amount of the lien. Accordingly the motion for rehearing was denied.

Appellant complains that the court cut short its presentation of evidence on the amounts it had expended in performing the work. Since the statute (§ 507-42, Hawaii Revised Statutes (HRS)) provides for a lien in the amount of the value of the work or the contract price, whichever is less, and since appellant contended that the value exceeded the contract price, appellant's complaint on this score is without merit.

The principal question presented is whether or not the lower court committed error in denying the application by a subcontractor for a mechanic's and materialman's lien on the basis of the evidence presented and on the grounds enunciated by the court below.

Under § 507-41, an improvement is defined as and including "the construction . . . of . . . any building . . . erected . . . on real property . . . for its benefit."

Section 507-43, HRS, provides in part:

If the person who contracted for the improvement from which the requested lien arises claims a set-off against the lienor . . . the court shall hear and receive all admissible evidence offered and shall only permit the attachment of a lien in the net amount which the court determines is the reasonable probable outcome of any such dispute.

A review of the record to the point where the application was denied does not establish the amount of the set-off although the existence of a set-off in some amount is clear from the testimony and the exhibits.

There is no Hawaii case dealing with the matter of set-off in a mechanic's lien situation. The general law on the subject is that the burden of establishing a set-off in a mechanic's lien case, as in other cases, is on the proponent of the set-off. 53 Am. Jur.2d. *Mechanics' Lien* § 397 (1970) at 916. This appears reasonable to us.

We hold that if a lien applicant, in a probable cause hearing, shows that it is probable that it will be able to establish at trial a benefit to the real property by reason of its labor and/or materials, it is then incumbent upon the other parties claiming a set-off against the amount of that benefit to show that it is probable that on trial of the mechanic's lien suit, that they will be able to establish a set-off of a given amount. If that set-off equals or exceeds the amount of the lien, then no lien should attach; otherwise, the lien should attach for the net amount of the benefit shown.

In this case, the opponents of the lien had not yet put on their evidence at the probable cause hearing with the exception of the engineer witness who was taken out of order. The case is therefore remanded to determine the amount of the probable set-off, if any, and the net benefit to the improvement, if any, and for an order permitting the attachment of the lien or a denial thereof, consistent therewith.

Reversed and remanded.

*Richard Y. Wada* for lienor-appellant.

*Wendell H. Marumoto* for fee owners-appellees.

*Yoshiro Nakamura* for contractor-appellee.